UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUN 0 6 2017  ★

BROOKLYN OFFICE

UNITED STATES OF AMERICA

– against –

Juan Manuel Santiago, Jr.,

Defendant.

16-CR-615

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Appearances**

**For United States:**

Tarsha A. Philbert
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**For Defendant:**

Mia Eisner-Grynberg
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

i

# Table of Contents

I.     **Introduction** ...................................................................................................................**1**

  A.   **Instant Offense** ..........................................................................................................**1**

  B.   **Arrest** .............................................................................................................................**2**

  C.   **Guilty Plea** ..................................................................................................................**2**

  D.   **Sentencing Hearing** .................................................................................................**2**

II.    **Offense Level, Category, and Sentencing Guidelines Range** ........................**2**

III.   **Law** ...................................................................................................................................**3**

IV.   **18 U.S.C. § 3553(a) Considerations** ...................................................................**4**

V.    **Sentence** ........................................................................................................................**5**

VI.   **Conclusion** ....................................................................................................................**6**

## I.    Introduction

Defendant pled guilty to one count of escape from custody pursuant to 18 U.S.C. § 751(a). *See* Guilty Plea Transcript, January 17, 2017 ECF No. 12 ("Pleading Tr."). He had escaped from a halfway house facility in which he was confined by direction of the United States Attorney General. He was in custody for two prior convictions, importation of cocaine and possession of cocaine with intent to distribute.

On May 16, 2017, he was sentenced to time served of six months of incarceration and a $100 special assessment. *See* Sentencing Hr'g Tr., May 16, 2017 ("Sent. Hr'g").

### A.    Instant Offense

Defendant is 51 years old. Presentence Investigation Report, Apr. 7, 2017 ("PSR") at 2. He was convicted on charges of Importation of Cocaine and Possession of Cocaine with Intent to Distribute in the District Court for the Eastern District of New York. PSR at ¶ 2. He was sentenced to 60 months of custody. *Id.*

On June 16, 2015, he was transferred from Federal Correctional Institution Fairton in Fairton, New Jersey by furlough to the Brooklyn House Residential Reentry Center ("BRRC"), a

halfway house located in Brooklyn, New York. *Id.* at ¶ 3. He was supposed to serve the remainder of his sentence at the BRRC, which was scheduled to be completed on December 11, 2015. *Id.*

On August 7, 2015, defendant signed out of the BRRC on an employment pass at 8:45 p.m. *Id.* at ¶ 4. He was scheduled to report back to the BRRC at 7:30 a.m. the following morning, but he did not return. *Id.*

### B. Arrest

A warrant for his arrest was issued on August 11, 2015, and he was arrested at a New York State Court on November 2, 2016. *Id.*

### C. Guilty Plea

In January 2017, Mr. Santiago pled guilty to one count of escape from custody. *See* 18 U.S.C. § 751(a); Pleading Tr. at 31:2-34:7. The offense carries a maximum term of imprisonment of 5 years. 18 U.S.C. § 751(a). A special assessment of $100 is mandatory. 18 U.S.C. § 3013. The statutory provisions impose a term of supervised release of not more than three years. 18 U.S.C. § 3583(b)(2). The Sentencing Guidelines ("Guidelines") range for a term of supervised release is one to three years. U.S.S.G. § 5D1.2(a)(2).

### D. Sentencing Hearing

The sentencing proceedings were videotaped to record courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must consider in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal). No friend or relative appeared at the sentencing to support defendant. *See* Sent. Hr'g.

## II. Offense Level, Category, and Sentencing Guidelines Range

Defendant's base offense level is 13, with a criminal history category of V. *See* PSR at ¶¶ 8, 18-30. The offense level was decreased by four points pursuant to U.S.S.G. § 2P1.1(b)(3)

because defendant escaped from the non-secure custody of a community corrections center and by two points pursuant to U.S.S.G. § 3E.1.1(a) for defendant's acceptance of responsibility. *Id.* at ¶¶ 9-15. The total adjusted offense level is 7. *Id.* at ¶ 16. The parties do not object to this calculation. *See* Sent. Hr'g. The Guidelines imprisonment range is 12 to 18 months. *See* U.S.S.G. Ch. 5 Pt. A; PSR at ¶ 64. Alternatively, the court may impose a term of imprisonment of six months followed by a term of supervised release with a special condition requiring six months of community confinement or home detention. U.S.S.G. § 5C1.1(d)(2); PSR at ¶ 64.

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart in the interest of justice as well as in light of other statutory concerns. *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense." (footnote omitted)).

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now advisory rather than mandatory, *Booker*, 543 U.S. at 245-46, the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The court's written statement of reasons must be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *Cavera*, 550 F.3d at 193 (alteration in original) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society, and our economy, parsimony in incarceration is encouraged. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences* 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV.    18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Mr. Santiago was born in 1965 in Brooklyn, New York. PSR at ¶ 36. He was raised by his parents under average economic circumstances in Brooklyn. *Id.* at ¶¶ 36-38. His father worked as a presser in a factory, and passed away in 1994. His mother worked for the Board of Education and is retired. *Id.* at ¶ 36. Mr. Santiago has three siblings, two of whom reside in Florida and one of whom resides in Connecticut. *Id.* at ¶ 37. His family is aware of defendant's arrest and is supportive.

Mr. Santiago has never married and is not currently in a relationship. *Id.* at ¶ 40. He has one adult child from a previous relationship. She resides with her mother in Chicago and attends college. Mr. Santiago regularly spoke to his daughter before he was in custody, but he has not seen her since 2005. He has not provided financial assistance to his daughter since he and her mother ended their relationship. *Id.*

Defendant used marijuana from the age of 25 to 32. *Id.* at ¶ 45. He has attended multiple drug treatment programs and subsequently abstained from drug use. *Id.*

He attended high school in Brooklyn, but left school prior to completing the 10th grade to enlist in the National Guard in 1986. *Id.* at ¶ 47. He was honorably discharged in 1990. *Id.* at ¶ 48. Since then, he has held various low-level positions such as loading trucks, stocking shelves, making pick-ups and deliveries, and cleaning. *Id.* at ¶¶52-58.

While he was incarcerated for the underlying drug conviction, Mr. Santiago attended educational and re-entry courses; he never had a disciplinary infraction. Def.'s Sentencing Mem., Apr. 19, 2017, ECF No. 13. Once he was transferred to the BRRC, he maintained his clean disciplinary record and began working night shifts at a department store. But, his dangerous cellmate repeatedly threatened Mr. Santiago. On August 6, 2015, his cellmate shoved him. Mr. Santiago feared for his safety. After he left for his work shift on August 7, 2016, Mr. Santiago decided not to return to the BRRC. He rented a room and found a job repairing and delivering refrigerators. *Id.* While technically defendant is an escapee, his culpability is minimal.

## V.        Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence.

In light of the nature of the offense and the characteristics of the defendant, Mr. Santiago is sentenced to time served of six months incarceration. *See* Sent. Hr'g. A $100 special assessment

is imposed. 18 U.S.C. § 3013. No fine is imposed in light of the defendant's inability to pay one. *See* Sent. Hr'g; PSR at ¶ 62. No supervised release is ordered, because defendant is already subject to a seven-year term of supervised release stemming from a prior conviction. *See* Sent. Hr'g. General and specific deterrence are achieved by the sentence imposed.

## VI.    Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: May 22, 2017
      Brooklyn, New York